IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| James J. Hudnall, Sr., | * | 2005 NOV -1  P 4:03 |
| Plaintiff, | * | |
| vs. | * | 2:05-CV-0979-MEF |
| Christine M. Truesdale, | * | |
| Defendant. | * | |

## MOTION TO ALLOW COMPLAINT IN INTERVENTION AND COMPLAINT IN INTERVENTION SEEKING A DECLARATORY JUDGMENT

COMES NOW Alfa Mutual Insurance Company, by and through counsel, pursuant to Rule 24 of the Federal Rules of Civil Procedure, seeking a declaration concerning insurance coverage of Christine Truesdale, pursuant to the procedures set forth to determine insurance coverage in *Universal Underwriters Ins. v. East Central Alabama Ford-Mercury, Inc.*, 574 So. 2d 716 (Ala. 1990), which defines the rights of insurance companies within the State of Alabama, or an alternate procedure to accomplish that purpose. As its complaint in intervention, Alfa Mutual Insurance Company states as follows:

## JURISDICTION

1.      The jurisdiction of this Court was invoked pursuant to 28 U.S.C. § 1331 by James Hudnall. James Hudnall alleges that Christine Truesdale violated his constitutional rights.

2.      The Intervenor, ALFA Mutual Insurance Company, invokes the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), as this Court has original jurisdiction in the underlying case and the issues asserted by ALFA Mutual Insurance Company are similarly related to the claims in the underlying action within such original jurisdiction that it forms

part of the same case or controversy under Article III of the United States Constitution. *See American States Ins. Co. v. Cooper*, 518 So.2d 708 (Ala. 1987) ("an insurance company's duty to defend its insured is determined by the language of an insurance policy and by the allegations in the complaint about what gave rise to the cause of action against the insured.") Furthermore, 28 U.S.C. § 1367(a) specifically provides that supplemental jurisdiction shall include claims that include joinder or intervention of additional parties.

## PARTIES

3. The Intervenor, ALFA Mutual Insurance Company, is a domestic insurance company qualified to do business in the State of Alabama with its principal place of business in Montgomery County, Alabama.

4. Plaintiff, James Hudnall, is apparently a resident of Alabama and is incarcerated in St. Clair Correctional Facility. Further, it appears that Plaintiff's cause of action arose while he was incarcerated at Kilby Correctional Facility.

5. Defendant, Christine Truesdale, is a resident of the State of Alabama and resides in Billingsley, Alabama 36006.

## FACTS

6. James Hudnall was recently incarcerated at Kilby Correctional Facility. Allegedly, Christine Truesdale, an employee or former employee of the Autauga County Health Department became involved in James Hudnall's affairs. This involvement somehow violated James Hudnall's constitutional rights. (See Plaintiff's complaint, Exhibit A.) Ultimately, James Hudnall sued Christine Truesdale in that the United States District Court for the Northern District of Alabama. Subsequently, United States District Court for the Northern District of Alabama transferred this case to the United States District Court for the

Middle District of Alabama. (See Order, Exhibit B.)

7. After Christine Truesdale was served with the summons and complaint, she requested that ALFA Mutual Insurance Company provide personal liability insurance coverage pursuant to her homeowner's insurance policy underwritten by ALFA Mutual Insurance Company, being policy number H873514. (Insurance policy, Exhibit C, a sample copy is attached hereto; a certified copy of the policy will be supplemented). This policy grants personal liability insurance coverage to Christine Truesdale for personal liability protection under certain circumstances, subject to the terms and conditions of the insurance policy and up to the policy's limit of liability. However, policy number H873514 contains the following definitions, exclusionary provisions, and conditions:

2. Bodily injury means physical injury, sickness, disease or death, resulting from the injury, sickness or disease to a person.

3. **Business** means:

a. any employment, trade, occupation, or profession engaged in on a full-time, part-time, or occasional basis except as provided in 3d.;
b. the rental or holding for rental of more than three car spaces in garages or more than three stalls in stables on the **insured location**;
c. allowing the public on an **insured location** for "pick your own" farm products operation;
d. any other activity engaged in for **money** or other compensation except the following:
   (1) rental of a two family dwelling where part is occupied by the **insured**;
   (2) one or more activities, not described in (3) through (5) below, for which an **insured** receives total gross receipts of less than $2,000 during the 12 months before the date of loss;
   (3) volunteer activities for which no money is received other than payment for expenses incurred to perform activity;
   (4) providing home daycare services for which no compensation is received, other than the mutual exchange of such services; or
   (5) the rendering of home day care services to a **relative** of an **insured** for which no compensation is received, other than the

mutual exchange of such services.

13. **Occurrence** means the accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results during the policy period, in:

   a. **bodily injury**; or
   b. **property damage**

15. **Property damage** means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by an insured is not considered to be property damage.

1. Coverage E and Coverage F do not apply to:

   a. **bodily injury** or **property damage**
      (1) which is either expected or intended by an **insured** or **residence employee**;
      (2) which is the result of willful or malicious acts of an **insured** or **residence employee**.

   b. **bodily injury** or **property damage** arising out of **business** or **farming** engaged in by an **insured** or the rental or holding for rental of any part of any premises by an **insured**. The exclusion does not apply;
      (1) with respect to Coverage E to the occasional or part-time **business** or **farming** pursuits of an **insured** who is under 19 years of age;
      (2) to the rental or holding for rental of a dwelling on the **residence premises**:
         (a) on an occasional basis for the exclusive use as a residence; or
         (b) in part, unless intended for use as a residence by more than two roomers or boarders;

8. Christine Truesdale tendered the defense of the lawsuit brought by James Hudnall to ALFA Mutual Insurance Company contending that she is entitled to a defense and indemnity of the lawsuit pursuant to the insurance policy underwritten by ALFA Mutual Insurance Company.

9. ALFA Mutual Insurance Company disputes that it is obligated to defend the lawsuit brought by James Hudnall or is obligated to indemnify Christine Truesdale by affording coverage to satisfy any judgment which may be rendered in favor of James Hudnall. However, ALFA Mutual Insurance Company has agreed to provide a defense under a reservation of rights.

10. ALFA Mutual Insurance Company now seeks a declaratory judgment as to whether it is contractually obligated to defend or indemnify Christine Truesdale. Specifically, ALFA Mutual Insurance Company contends that insurance coverage does not exist under the insurance policy for the following reasons:

   a. The personal liability protection section of the insurance policy provides personal liability coverage when Christine Truesdale becomes legally obligated to pay for damages because of bodily injury or property damage covered by policy number H873514. However, Alfa Mutual Insurance Company does not provide coverage for bodily injury or property damage which is expected or intended by an insured person. At least a portion of and perhaps all of the complaint filed by James Hudnall may seek relief for acts which were expected or intended by Christine Truesdale.

   b. The personal liability protection section of the insurance policy provides personal liability coverage when Christine Truesdale becomes legally obligated to pay for damages because of bodily injury or property damage covered by policy number H873514. However, ALFA Mutual Insurance

Company does not provide coverage for bodily injury or property damage which is the result of willful or malicious acts of an insured person. At least a portion of and perhaps all of the complaint filed by James Hudnall may seek relief for acts which were the result of willful or malicious acts of Christine Truesdale.

c. The personal liability protection section of the insurance policy provides personal liability coverage when Christine Truesdale becomes legally obligated to pay for damages because of bodily injury or property damage covered by policy number H873514. However, ALFA Mutual Insurance Company does not provide insurance coverage for bodily injury or property damage for an event other than an occurrence. The policy defines occurrence as an accident including continuous or repeated exposure to substantially the same generally harmful conditions which results in the policy period in bodily injury or property damage. At least a portion of and perhaps all of the complaint filed by James Hudnall may seek relief for acts that result from an event other than an occurrence.

d. The personal liability protection section of the insurance policy provides personal liability coverage when Christine Truesdale becomes legally obligated to pay for damages because of bodily injury or property damage covered by policy number H873514. However, ALFA Mutual Insurance Company does not provide coverage for bodily injury or property damage

arising out of the business pursuits of Christine Truesdale. At least a portion of and perhaps all of the complaint filed by James Hudnall may seek relief for acts which arose out of the business pursuits of Christine Truesdale.

e. The personal liability section of the insurance policy provides personal liability coverage when Christine Truesdale becomes legally obligated to pay for damages that constitute bodily injury or property damage as defined by policy number H873514. Bodily injury is defined as a physical injury, sickness, disease, or death resulting from the injury, sickness, or disease to a person. Property damage is defined as physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by an insured is not considered to be property damage. At least a portion of and perhaps all of the complaint filed by James Hudnall may seek relief for items other than bodily injury or property damage.

f. ALFA Mutual Insurance Company contends that there may be other reasons why coverage does not exist and seeks a declaration concerning all aspects or terms of the insurance coverage involved in this case.

11. Alfa Mutual Insurance Company contends that there is no insurance coverage in the above styled action for Christine Truesdale under insurance policy number H873514, for the reasons stated, and seeks a declaration accordingly. Alfa Mutual Insurance Company

states that this is justiciable controversy within the jurisdiction of this Court, such that the declaration of obligations and responsibilities, if any, of insurance coverage is appropriate.

**WHEREFORE**, Alfa Mutual Insurance Company prays that this Court will issue a declaration as to whether it owes any defense or any indemnity duties in the above-styled case, and that this Court will make specific rulings and finding as to whether Alfa Mutual Insurance Company owes any obligations or responsibilities to pay any damages or any part of a judgment which may be rendered in this case.

_____
ALEX L. HOLTSFORD, JR.
RICK A. HOWARD
Attorneys for Alfa Mutual Insurance Company

COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
Post Office Box 4128
Montgomery, Alabama 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by placing same in the United States Mail, postage prepaid, on this the 31st day of October, 2005:

James N. Hudnall, Sr.
AIS # 155690
St. Clair Correctional Facility
H-1-B-15 cell
1000 St. Clair Road
Springville, Alabama 35146

E. Hamilton Wilson
*Ball Ball Matthews & Novak*
Post Office Box 2148
Montgomery, Alabama 36103-2148

_____
OF COUNSEL