Covered property losses are settled less any applicable **deductible** as follows:

a. Personal property and structures that are not buildings, carpeting, domestic appliances, awnings, outdoor antennas, satellite dish systems and related equipment, whether or not attached to buildings, for the lessor of the following amounts:

(1) **actual cash value** of the property at the time of loss;

(2) cost to repair to its condition immediately prior to loss; or

(3) any limit applying to covered property under this policy.

b. **We** cover the dwelling used principally as a private residence and other structures on the **residence premises** at replacement cost without deduction for depreciation, subject to the following:

(1) If at the time of loss the Limit shown on the **Declarations** for the damaged building is 80% or more of the full replacement cost of the building immediately prior to the loss, **we** will pay the cost of repair or replacement after application of any **deductible**, without deduction for depreciation, but not exceeding the smallest of the following amounts:

(a) the Limit shown on the **Declarations** under this policy applying to the building(s);

(b) the replacement cost of that part of the building damaged with like kind, quality construction and usefulness on the same premises; or

(c) the amount actually and necessarily spent to repair or replace the damaged building.

(2) If at the time of loss the amount of insurance in this policy on the damaged building is less than 80% of the full replacement

(1) arises out of a condition on the **insured location** or the ways immediately adjoining it;

(2) is caused by the activities of an **insured**;

(3) is caused or sustained by a **residence employee** in the course of employment by an **insured**; or

(4) is caused by an animal owned by or in the care of an **insured**.

SECTION II - ADDITIONAL COVERAGES

**We** cover the following in addition to the limits of liability:

1. CLAIM EXPENSES. **We** will pay:
   a. expenses **we** incur and costs taxed against an **insured** in **suits we** defend;
   b. premiums on bonds required in civil **suits we** defend, but not for bond amounts greater than the Coverage E Limit. **We** are not obligated to apply for or furnish any bond;
   c. reasonable expenses an **insured** incurs at **our** request. This includes actual loss of earnings (but not loss of other income) up to $100 per day for aiding **us** in the investigation or defense of claims or **suits**;
   d. prejudgment interest awarded against the **insured** or that part of the judgment **we** pay; and
   e. interest on the entire judgment which accrues after entry of the judgment and before **we** pay or tender, or deposit in court that part of the judgment which does not exceed the Limit that applies.
2. DAMAGE TO PROPERTY OF OTHERS.
   a. **We** will pay for **property damage** to property of others caused by an **insured**.
   b. **We** will not pay more than the smallest of the following amounts:

have used up the applicable limit of insurance in the payment of judgments or settlements under COVERAGE E—PERSONAL LIABILITY or medical expenses under COVERAGE F—MEDICAL PAYMENTS TO OTHERS.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under the SECTION II - ADDITIONAL COVERAGES.

2. This insurance applies to **bodily injury** and **property damage** only if:

a. the **bodily injury** or **property damage** is caused by an **occurrence**;

b. the **bodily injury** or **property damage** occurs during the policy period.

---

COVERAGE F—MEDICAL PAYMENTS TO OTHERS

---

1. **We** will pay reasonable medical expenses incurred within 1 year from the date of an accident causing **bodily injury**.

**We** will make these payments up to the limits shown on the **Declarations**.

Reasonable medical expenses means expenses incurred for:

a. first aid administered at the time of an accident;

b. necessary medical, surgical, x-ray and dental services, eyeglasses, pharmaceuticals, hearing aids, including prosthetic devices; and

c. necessary ambulance, hospital, professional nursing and funeral services.

2. This coverage applies only:

a. to a person (other than an **insured**) who is on the **insured location** with the permission of an **insured**, or

b. to a person (other than an **insured**) off the **insured location**, provided the **bodily injury**:

residence by more than two roomers or boarders;

(3) when the dwelling on the **residence premises** is a two family dwelling and **you** occupy one part and rent or hold for rental the other part;

c. **bodily injury** or **property damage** arising out of the rendering or failing to render professional services;

d. **bodily injury** or **property damage** arising out of any premises owned or rented to any **insured** at the time of loss which is not an **insured location**. This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured**;

e. **bodily injury** or **property damage** arising out of the ownership, maintenance, use, loading or unloading of:

(1) an aircraft;

(2) a **motor vehicle**; or

(3) a watercraft:

(a) if it has inboard or inboard-outdrive motor power of more than 50 horsepower;

(b) which is a sailing vessel, with or without auxiliary power, 26 feet or more in overall length;

(c) powered by one or more outboard motors with more than 25 total horsepower owned by an **insured**; or

(d) designated as an airboat, air cushion, personal watercraft or similar type of craft.

This exclusion does not apply to **bodily injury** to a **residence employee** arising out of and in the course of the **residence employee's** employment by an **insured.** Exclusion e.(3) does not apply while the watercraft is on the **residence premises**;

harassment, sexual molestation, sexual misconduct of any kind, corporal punishment, physical abuse or mental abuse;

(4) whether actual or alleged arising out of lead, asbestos, bacteria, virus or **fungi** including, but not limited to, the ingestion, inhalation or absorption of any of these in any form including:

(a) any loss, cost of expense arising out of any request, demand, or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize or in any way respond to or assess the effect of any of the above; or

(b) any loss, cost of expense arising out of any claim or **suit** by or on behalf of a governmental authority for damages to test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize or in any way respond to or assess the effect of any of the above.

(5) whether actual or alleged arising out of slander, libel, fraud, misrepresentation or land line disputes.

These Losses Not Insured apply to any **insured** who could be held legally liable.

b. **bodily injury** or **property damage** arising out of **business** or **farming** engaged in by an **insured** or the rental or holding for rental of any part of any premises by an **insured**. The exclusion does not apply:

(1) with respect to Coverage E to the occasional or part-time **business** or **farming** pursuits of an **insured** who is under 19 years of age;

(2) to the rental or holding for rental of a dwelling on the **residence premises**:

(a) on an occasional basis for the exclusive use as a residence; or

(b) in part, unless intended for use as a

pay **your** remaining mortgage debt to **us**.

f. If **we** cancel this policy, **we** will give written notice to the mortgagee at least 10 days before the effective date of cancellation.

7. LOSS PAYABLE CLAUSE.

Loss will be adjusted only with the **insured** named and payable to the **insured** and the Loss Payee shown on the **Declarations** as their respective interests may appear, subject to all the terms and conditions of the policy.

8. NO BENEFIT TO BAILEE.

This insurance will not, in any way, benefit any person or organization who may be caring for or handling property for a fee.

9. PERMISSION GRANTED TO **YOU**.

**You** may make alterations, additions and repairs to **your** building and complete structures under construction.

The **insured location** may be **vacant** or **unoccupied** for 30 consecutive days, except where this policy specifies otherwise, however, a structure in the course of construction shall not be deemed **vacant** or **unoccupied**.

10. OTHER INSURANCE.

If a loss covered by this policy is also covered by other insurance, **we** will pay only **our** share of the loss. **Our** share is the proportion of the loss that the applicable limit under this policy bears to the total amount of insurance covering the loss.

However, any coverage **we** provide on property **you** do not own will be excess over any other collectable insurance.

11. GLASS REPLACEMENT.

Loss for damage to glass caused by a loss insured shall be settled on the basis of replacement with safety glazing materials when required by ordinance or law.

12. LOSS SETTLEMENT. In this Condition 12., the terms cost to repair or replace and replacement cost do not include the increased costs incurred to comply with the enforcement of any building code, ordinance or law.

2. APPRAISAL.

If **you** and **we** fail to agree on the amount of loss, either one can demand that the amount of the loss be set by appraisal. If either makes a written demand for appraisal, each shall select a competent, independent appraiser. Each shall notify the other of the appraiser's identity within 20 days of receipt of the written demand. The two appraisers shall then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, **you** or **we** can ask a judge of a court of record in the state where the **residence premises** is located to select an umpire. The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to **us**, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of the loss. Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and the compensation of the umpire shall be paid equally by **you** and **us**.

3. INSURABLE INTEREST.

**We** will not pay more than the insurable interest an **insured** has in the covered property at the time of loss. Regardless of the number of **insureds, we** will not pay more than the applicable Limit at the time of the loss.

4. ABANDONED PROPERTY.

**We** are not obliged to accept abandoned property.

5. A PAIR, SET OR PARTS.

a. Pair or Set. In case of loss or damage to any part of a pair or set, **we** may:

(1) repair or replace any part to restore the pair or set to its usefulness before the loss; or

(2) pay the difference between the value of the pair or set before and after the loss.

b. Parts. In case of loss of or damage to any part of covered property consisting of several parts when complete, **we** will only pay for the value of the lost or damaged part.

(1) replacement cost at the time of loss;

(2) full cost of repair; or

(3) $1,000 in any one **occurrence**.

c. **We** will not pay for **property damage**:

(1) if insurance is otherwise provided in this policy;

(2) caused intentionally by an **insured** who is 13 years of age or older;

(3) to property, other than a rented golf cart, owned by or rented to an **insured**; or

(4) arising out of:

(a) **business** or **farming** pursuits;

(b) any act or omission in connection with a premises an **insured** owns, rents or controls, other than the **insured location**; or

(c) the ownership, maintenance, or use of a **motor vehicle**, aircraft, or watercraft of any type.

3. FIRST AID EXPENSES. **We** will pay expenses up to $500 for any one **occurrence** for first aid to others incurred by an **insured** for **bodily injury** covered under this policy. **We** will not pay for first aid to **you** or any other **insured**.

## SECTION II—LOSSES NOT INSURED APPLYING TO: COVERAGE E—PERSONAL LIABILITY COVERAGE F—MEDICAL PAYMENTS TO OTHERS

1. Coverage E and Coverage F do not apply to:

a. **bodily injury** or **property damage**:

(1) which is either expected or intended by ar **insured** or **residence employee**;

(2) which is the result of willful or maliciou: acts of an **insured** or **residence employee**

(3) which is a result of actual or alleged sexu&

f. **bodily injury** or **property damage** arising out of:

(1) the entrustment by any **insured** to any person;

(2) the supervision by any **insured** of any person;

(3) any liability statutorily imposed on any **insured**; or

(4) any liability assumed through an unwritten or written agreement by any **insured**;

with regard to the ownership, maintenance or use of any aircraft, watercraft of any type, or **motor vehicle**;

g. **bodily injury** or **property damage** caused by declared or undeclared war, civil war, insurrection, rebellion, revolution, warlike act, destruction or seizure or use for a military purpose, and including any consequence of any of these;

h. **bodily injury** or **property damage** discharge of a nuclear, chemical or biological weapon or device whether intentional or unintentional shall be deemed a warlike act;

i. **bodily injury** to **you** or any **insured** within the definition of **insured**;

This exclusion also applies to any claim made or **suit** brought against **you** or any **insured** to share damages with or repay someone else who may be obligated to pay damages because of the **bodily injury** sustained by **you** or any **insured** within the definition of **insured**;

j. **bodily injury** or **property damage** which arises out of the transmission of a communicable disease, including but not limited to viral or bacterial by an **insured**;

k. **bodily injury** or **property damage** arising out of the use of the **insured location** for hunting by anyone other than an **insured**;

l. **bodily injury** or **property damage** arising out of an **insured's** participation in, or preparation or practice for any prearranged or organized

race, speed or demolition contest, or similar competition involving a motorized land vehicle or motorized watercraft. This exclusion does not apply to a sailing vessel less than 26 feet in overall length with or without auxiliary power;

m. **bodily injury or property damage** arising out of the selling of real, personal or **business** property;

n. **pollution**

(1) **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of **pollutants** or odors:

(a) at or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any **insured**;

(b) at or from any premises, site or location which is or was at any time used by or for any **insured** or others for the handling, storage, disposal, processing or treatment of waste;

(c) which are or were at any time transported, handled, stored, treated, disposed of, or processed as waste by or for any **insured** or any person or organization for whom **you** may be legally responsible; or

(d) at or from any premises, site or location on which any **insured** or any contractors or subcontractors working directly or indirectly on any **insured's** behalf are performing operations:

(i) if the **pollutants** are brought on or to the premises, site or location in connection with such operations by such **insured**, contractor or subcontractor; or

(ii) if the operations are to test for monitor, clean up, remove, contain, treat, detoxify or neutralize

or in any way respond to, or assess the effects of **pollutants**.

Subparagraphs (a) and (d)(i) do not apply to **bodily injury** or **property damage** arising out of heat, smoke or fumes from a hostile fire.

As used in this loss not insured, a hostile fire means one which becomes uncontrollable or breaks out from where it was intended to be.

(2) Any loss, cost or expense arising out of any:

(a) request, demand or order that any **insured** or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or any way respond to or assess the effects of **pollutants**; or

(b) claim or **suit** by or on behalf of a governmental authority for damages because of testing for, monitoring, cleaning up, removing, containing, treating, detoxifying or neutralizing, or in any way responding to, or assessing the effects of **pollutants**.

o. CONTROLLED SUBSTANCE

**Bodily injury** or **property damage** arising out of the use, sale, manufacture, delivery, transfer or possession by any person of a Controlled Substance as defined by the Federal Food and Drug Law at 21 U.S.C.A. Sections 811 and 812. Controlled Substances include but are not limited to cocaine, LSD, marijuana and all narcotic drugs. However, this exclusion does not apply to the legitimate use of prescription drugs by a person following the orders of a licensed physician.

p. **bodily injury** or **property damage** caused by any substance released or discharged from an aircraft.

2. COVERAGE E—PERSONAL LIABILITY does not apply to:

a. liability

(1) for **your** share of any loss assessment charged against all members of an association of property owners; or

(2) assumed under any unwritten contract or agreement, or by agreement, or by contract or agreement in connection with **business** or **farming** of the **insured**;

b. **property damage** to property owned by an **insured**;

c. **property damage** to property rented to, occupied or used by or in the care of an **insured**. This exclusion does not apply to **property damage** caused by fire, smoke or explosion;

d. **bodily injury** to a person eligible to receive any benefits required to be provided or voluntarily provided by an **insured** under a workers' compensation, non-occupational disability, or occupational disease law; or

e. **bodily injury** or **property damage** arising out of the care or custody of animals not owned by an **insured**.

3. COVERAGE F—MEDICAL PAYMENTS TO OTHERS does not apply to **bodily injury:**

a. to a **residence employee** if it occurs off the **insured location** and does not arise out of or in the course of the **residence employee's** employment by an **insured**;

b. to a person eligible to receive any benefits required to be provided or voluntarily provided under any workers' compensation, non-occupational disability or occupational disease law; or

c. to a person regularly residing on any part of the **insured location**, other than a **residence employee** of an **insured**.

## SECTION II—CONDITIONS APPLYING TO: COVERAGE E—PERSONAL LIABILITY COVERAGE F—MEDICAL PAYMENTS TO OTHERS

1. The COVERAGE E—PERSONAL LIABILITY Limit is shown on the **Declarations**. This is **our** limit for all damages from each **occurrence** regardless of the number of **insureds**, claims made or persons injured.

All **bodily injury** and **property damage** resulting from any one accident or from continuous or repeated exposure to substantially the same general conditions shall be considered to be the result of one **occurrence**.

The COVERAGE F—MEDICAL PAYMENTS TO OTHERS Limit is shown on the **Declarations**. This is **our** limit for all medical expense for **bodily injury** to one person as the result of one accident.

2. SEVERABILITY OF INSURANCE. This inurance applies separately to each **insured**. This condition shall not increase **our** limit of liability for any one **occurrence**.

3. DUTIES AFTER AN **OCCURRENCE**. In the event of an **occurrence**, the **insured** shall perform the following duties that apply. The **insured** shall cooperate with **us** in seeing that these duties are performed:

   a. give written notice to **us** or **our** agent as soon as practicable, which sets forth:

      (1) the identity of this policy and **insured**;

      (2) reasonably available information on the time, place and circumstances of the accident or **occurrence**; and

      (3) names and addresses of any claimants and available witnesses;

   b. forward to **us** every notice, demand, summons or other process relating to the accident or **occurrence**;

c. at **our** request, assist in:

(1) making settlement;

(2) the enforcement of any right of contribution or indemnity against a person or organization who may be liable to an **insured**;

(3) the conduct of **suits** and attend hearings and trials; and

(4) securing and giving evidence and obtaining the attendance of witnesses;

d. under the coverage - DAMAGE TO PROPERTY OF OTHERS:

(1) submit to **us** within 60 days after the loss, a sworn statement of loss; and

(2) exhibit the damaged property if within the **insured's** control;

e. the **insured** shall not, except at the **insured's** own cost, voluntarily make payments, assume obligations or incur expenses. This does not apply to expense for first aid to others at the time of the **bodily injury**.

4. DUTIES OF AN INJURED PERSON—COVERAGE F—MEDICAL PAYMENTS TO OTHERS. The injured person, or, when appropriate, someone acting on behalf of that person, shall:

a. give **us** written proof of claim, under oath if required, as soon as practicable;

b. execute authorization to allow **us** to obtain copies of medical reports and records; and

c. submit to physical examination by a physician selected by **us** when and as often as **we** reasonably require.

5. PAYMENT OF CLAIM—COVERAGE F—MEDICAL PAYMENTS TO OTHERS. Payment under this coverage is not an admission of liability by an **insured** or **us**.

6. OTHER INSURANCE—COVERAGE E—PERSONAL LIABILITY. This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover as excess over the limits of

liability that apply in this policy.

## CONDITIONS APPLYING TO: SECTION I AND SECTION II

1. ASSIGNMENT.

Assignment of this policy shall not be valid unless **we** give **our** written consent.

2. CANCELLATION.

a. **You** may cancel this policy at any time by notifying **us** in writing of the date cancellation is to take effect. **We** may waive the requirement that the notice be in writing by confirming the date and time of cancellation to **you** in writing.

b. **We** may cancel this policy only for the reasons stated in this condition. **We** will notify **you** in writing of the date cancellation takes effect. This cancellation notice may be delivered to **you**, or mailed to **you** at **your** last known mailing address shown on **our** records. Proof of mailing shall be sufficient proof of notice:

(1) when **you** have not paid the premium, **we** may cancel at any time by notifying **you** at least 10 days before the date cancellation takes effect. This condition applies whether the premium is payable to **us** or **our** agent or under any finance or credit plan;

(2) when this policy has been in effect for less than 60 days and is not a renewal with **us**, **we** may cancel for any reason by notifying **you** at least 10 days before the date cancellation takes effect; or

(3) when this policy has been in effect for 60 days or more, or at any time if it is a renewal with **us**, **we** may cancel:

(a) if there has been a material misrepresentation of fact which, if known to **us**,

would have caused **us** not to issue this policy;

(b) if the risk has changed substantially since the policy was issued; or

(c) if **you** fail to maintain affiliated membership in the Alabama Farmers Federation, or its successor.

**We** may cancel this policy by notifying **you** in writing at least 30 days before the date cancellation takes effect.

c. When this policy is cancelled, premium refund will be based on **our** rules for such cancellation. The return premium may be less than a full pro-rata refund.

d. The return premium may not be refunded with the notice of cancellation or when the policy is returned to **us**. In such cases, **we** will refund it within a reasonable time after the date cancellation takes effect.

3. AUTOMATIC TERMINATION.

If **we** offer to renew or continue **your** policy, it may be continued in force for successive policy periods by payment of the required premium. This policy will automatically terminate at the end of the current policy period if the required renewal premium is not paid by or for **you** and accepted by **us** on or before the expiration of the current policy period. Failure to pay the required renewal premium shall mean **you** have not accepted **our** offer.

4. NON-RENEWAL.

a. **We** may elect not to renew this policy.

b. **We** may elect to not renew this policy if **you** fail to maintain membership in the Alabama Farmers Federation or its successor.

If **we** elect not to renew, a written notice will be delivered to **you**, or mailed to **you** at **your** last known mailing address shown on **our** records. The notice will be mailed or delivered at least 30 days before the expiration date of this policy. Proof of mailing shall be sufficient proof of notice.

5. CONCEALMENT, FRAUD OR MISREPRESENTATION.

This insurance is void in any case of fraud by an **insured** as it relates to this insurance at any time. It is also void if an **insured**, at any time conceals or misrepresents a material fact concerning:

a. application for this insurance;

b. this insurance;

c. the covered property;

d. or an **insured's** interest in the covered property; or

e. a claim under this insurance.

6. WAIVER OR CHANGE OF POLICY PROVISIONS.

A waiver or change of any provision of this policy must be in writing by **us** to be valid. **Our** request for an appraisal or examination shall not waive any of **our** rights.

7. INSURANCE UNDER TWO OR MORE COVERAGES OF THIS POLICY.

If two or more of this policy's coverages apply to the same loss or damage, **we** will not pay more than the actual amount of the loss or damage.

8. LEGAL ACTION AGAINST **US**

No person or organization has a right under this coverage:

a. to join **us** as a party or otherwise bring **us** into a **suit** asking for damages from an **insured**; or

b. to bring **suit** against **us** on this coverage unless all of its terms have been fully complied with.

A person or organization may sue **us** to recover on an agreed settlement or on a final judgment against an **insured** obtained after an actual trial; but **we** will not be liable for damages that are not payable under the terms of this coverage or that are in excess of the applicable Limits shown on the **Declarations**. An agreed settlement means a settlement and release of

liability signed by **us**, the **insured** and the claimant or the claimant's legal representative.

9. **OUR** RIGHT TO RECOVER **OUR** PAYMENT.

If **we** make payment under this policy and the person to or for whom payment was made has a right to recover damages from another, **we** shall be subrogated to that right regardless of whether that person has been made whole. That person shall do whatever is necessary to enable **us** to exercise **our** rights and shall do nothing after loss to prejudice them.

If **we** made a payment under this policy and the person to or for whom payment is made recovers damages from another, that person shall hold any proceeds of the recovery in trust for **us** and shall reimburse **us** to the extent of **our** payment, regardless of whether they are made whole.

This condition does not apply under SECTION II COVERAGE F—MEDICAL PAYMENTS TO OTHERS, ADDITIONAL COVERAGES or DAMAGE TO PROPERTY OF OTHERS.

10. POLICY PERIOD.

This policy applies only to losses under Section I, or **occurrences** under Section II, taking place during the policy period. No coverage shall be afforded for any loss occurring prior to the effective date and hour shown on the application for the policy.

11. CONFORMITY TO STATE LAW.

When a policy provision is in conflict with the applicable law of the state in which this policy is issued, the law of that state will apply.

12. DEATH.

If any person named on the **Declarations** or the spouse, if a resident of the same household, dies:

a. **we** insure the legal representative of the deceased. This condition applies only with respect to the premises and property of the deceased covered under this policy at the time of death;

b. **insured** includes:

(1) any member of **your** household who is an

**insured** at the time of **your** death, but only while a resident of the **residence premises**; and

(2) with respect to **your** property, the person having proper temporary custody of the property until appointment and qualification of a legal representative.

13. INSPECTION.

**You** shall permit **us** to inspect the **insured location** at any time during the policy period or while a claim is pending. **Our** inspection shall not be deemed to be for health or safety purposes and is not intended for such purposes, nor is it intended to certify that the condition or operation complies with any law, rule or regulation.

14. LIBERALIZATION CLAUSE.

If **we** revise this policy to provide more coverage without additional premium, **your** policy will automatically provide the additional coverage as of the day the revision is effective in **your** state.

15. BANKRUPTCY.

Bankruptcy or insolvency of the **insured** or of the **insured's** estate will not relieve **us** of **our** obligations under this policy.

**MEMBERSHIP**

While this policy is in force the **insured** named on the **Declarations** is a member of the insurer issuing this policy with all rights and obligations of such membership, including the right to receive any dividends declared by its Board of Directors payable on this policy or policies of like kind and classification as this policy. The annual meeting of members of the insurer shall be held at its executive offices in Montgomery, Alabama, on the fourth Thursday of April in each year at 11:00 a.m., unless changed at the preceding annual meeting of members or by the Board of Directors and notice given.

This is a non-assessable policy.

H. Al Scott — Secretary

Jerry A. Newby — President